UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMSTRONG MARINE, INC.,<br>　　　　Plaintiff,<br>　　v.<br>PROPSF, LLC, et al.,<br>　　　　Defendants. | Case No. 17-cv-03898-VC<br><br>**ORDER DENYING MOTION FOR INTERLOCUTORY SALE OF VESSEL**<br>Re: Dkt. No. 50 |

The motion for interlocutory sale of the vessel is denied because the plaintiff has not satisfied the requirements of Admiralty Rule E(9)(a).

First, the plaintiff has failed to show that the M/V Transistor is perishable or liable to deterioration while in custody. *See* Admiralty Rule E(9)(a)(i)(A). The plaintiff argues that "the longer machinery lays idle in salt water, the more susceptible it is to decay and malfunction, corrosion and rust, and the need to overhaul machinery, which in turn deteriorates the value of the vessel." Dkt. No. 50 at 5. A generalized assertion of this kind is not enough for the Court to order the sale of the vessel. Nor is the declaration of someone who is generally familiar with the plaintiff's boats but does not speak specifically to the M/V Transistor sufficient. *See* Dkt. No. 58-6. If generalized statements that boats deteriorate over unspecified periods of time were enough, Admiralty Rule E(9) would be rendered meaningless – since all boats are eventually liable to decay, courts would always have to order their sale. This is why courts have required specific evidence of a vessel's current or imminent deterioration before requiring a sale under Admiralty Rule E(9). *See, e.g.*, *Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341-42 (5th Cir. 1981); *Vineyard Bank v. M/Y Elizabeth I, U.S.C.G.*

*Official No. 1130283*, No. 08CV2044 BTM (WMC), 2009 WL 799304, at *1 (S.D. Cal. Mar. 23, 2009); *Pee Dee State Bank v. F/V Wild Turkey*, No. CIV. A. 2:91-809-18, 1991 WL 355221, at *5 (D.S.C. Oct. 9, 1991).

Second, the plaintiff has not shown that the expense of keeping the property is excessive or disproportionate. *See* Admiralty Rule E(9)(a)(i)(B). In estimating the monthly custodial cost, the plaintiff uses the total invoice amount from the custodian without first subtracting all of the initial expenses (including the cost of searching for, arresting, and towing the boat). Even if these expenses may eventually be recoverable, they are not a reasonable measure of the monthly cost of keeping the boat in custody. Nor has the plaintiff shown that this monthly cost would be excessive or disproportionate to the value of the M/V Transistor. *See, e.g.*, *Merchants Nat'l Bank of Mobile*, 663 F.2d at 1341-42; *California Yacht Marina--Chula Vista, LLC v. S/V OPILY*, No. 14-CV-01215-BAS (BGS), 2015 WL 1197540, at *4 (S.D. Cal. Mar. 16, 2015).

Third, the defendants have not unreasonably delayed their attempts to release the vessel. *See* Admiralty Rule E(9)(a)(i)(C). The defendants moved to discharge the arrest of the M/V Transistor in their motion to dismiss, transfer, or stay the case in September, which was withdrawn when the case in Washington was transferred to this district. *See* Dkt. Nos. 23, 45. The defendants now intend to file a separate motion to vacate the arrest warrant. *See* Dkt. No. 55 at 8. In addition, only a little over two months elapsed between the arrest of the vessel and the filing of the motion for interlocutory sale of the boat. *See* Dkt. Nos. 16, 50. Courts in similar cases have ordered interlocutory sales only after at least four months of inaction by the defendant. *See, e.g.*, *Bank of Rio Vista v. VESSEL CAPTAIN PETE*, No. C 04-2736CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004); *Caterpillar Fin. Servs. Corp. v. Coleman*, No. 99-03821 CM RZX, 1999 WL 33218595, at *2 (C.D. Cal. Aug. 19, 1999); *United States v. F/V Fortune,* No. A86-445 Civ., 1987 WL 27274, at *1 (D. Alaska Apr. 14, 1987). The plaintiff's allegation that the defendants were evading arrest is not substantiated and cannot be the sole basis for a court-ordered sale of the vessel.

**IT IS SO ORDERED.**

Dated: December 22, 2017

_____
VINCE CHHABRIA
United States District Judge